**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JUAN C. RAMOS-RODRIGUEZ,            :
                                    :   Civil Action No. 10-2904 (NLH)
            Petitioner,             :
                                    :           **O P I N I O N**
        v.                          :
                                    :
WARDEN,                             :
                                    :
            Respondent.             :
_____ :

**APPEARANCES**:

Juan C. Ramos-Rodriguez, <u>Pro</u> <u>Se</u>
23146-069
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, NJ 08640

Elizabeth Ann Pascal
U.S. Department of Justice
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
Attorney for Respondent

**HILLMAN, District Judge**

   Petitioner Juan C. Ramos-Rodriguez, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The respondent is the warden of the FCI Fort Dix.

Based upon the record presented to this Court, the petition will be denied.[2]

## BACKGROUND

On May 4, 2001, Petitioner was arrested in San Juan, Puerto Rico, for attempted murder, auto theft, and weapons and drug charges under Commonwealth of Puerto Rico laws.  On September 12, 2001, Petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum due to a federal indictment in the District of Puerto Rico.

On November 7, 2002, Petitioner was sentenced in the United States District Court for the District of Puerto Rico to a term

---

[1]  Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

(c) The writ of habeas corpus shall not extend to a prisoner unless-... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

[2]  This matter was originally filed in the United States District Court, District of Puerto Rico.  Then, after remand by the Court of Appeals for the First Circuit, it was transferred to the United States District Court, Middle District of Pennsylvania.  Finally, on June 8, 2010, it was transferred to this Court, the Court of Petitioner's current confinement.

of 120 months, for conspiracy to distribute heroin, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846.

On February 20, 2003, Petitioner was sentenced in the Guayama Superior Court to a 7 year imprisonment term for violations of Puerto Rican law. On June 17, 2003, Petitioner was returned to the custody of the Commonwealth of Puerto Rico in satisfaction of the federal writ.

On May 2, 2005, Petitioner completed his Puerto Rican sentence, and was released to federal custody on May 4, 2005. His federal sentence began to run on May 2, 2005.

On August 2, 2010, during the pendency of this litigation, the Bureau of Prisons ("BOP") reviewed Petitioner's request for a nunc pro tunc retroactive designation of the Puerto Rican institution for service of his federal sentence. The request for nunc pro tunc designation was denied on October 4, 2010, based on factors under 18 U.S.C. § 3621(b).

The BOP then computated Petitioner's sentence based on the 120-month term commencing on May 2, 2005. Assuming good conduct time, Petitioner's projected release date is January 16, 2014.

In this petition, Petitioner argues that this Court should order the BOP to consider him for a nunc pro tunc designation of the Commonwealth of Puerto Rican institution for service of his federal sentence, and alleges that the federal sentence should be credited with time served on the Commonwealth sentence, because

the Commonwealth ordered his Commonwealth sentence to run concurrently to his previously imposed federal sentence.

## **DISCUSSION**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, see 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

4

that has not been credited against another sentence. 18 U.S.C. § 3585(a), (b).

Here, the BOP properly determined that Petitioner's federal sentence commenced on May 2, 2005, when he was released into federal custody, and properly refused under § 3585 to credit Petitioner with time during which Petitioner was in the primary custody of Commonwealth of Puerto Rico authorities and that had been credited toward his Puerto Rican sentence.

When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant. See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the [jurisdiction] which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted).

Commonwealth authorities obtained primary custody of Petitioner when they arrested him on May 4, 2001. The Commonwealth government retained primary custody when it produced Petitioner to federal authorities pursuant to a writ of habeas corpus ad prosequendum.

5

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. See 18 U.S.C. § 3584(a). Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges. See Romandine v.. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000). Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so").

Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future.

6

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner served an earlier state sentence.  See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).³  The decision of the BOP is subject to judicial review only for abuse of discretion.  See Barden, 921 F.2d at 478.

Pursuant to BOP Program Statement 5160.05: "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  P.S. 5160.05 ¶ 3(a) (2003).  The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.  The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

---

³ Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ...."

(4) Inmate Request. Occasionally, an inmate may request a *nunc pro tunc* (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a *nunc pro tunc* designation.

    (a) In *Barden*, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.

    • However, there is no obligation under *Barden* for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

    (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:

        • a copy of the federal and state J & Cs
        • the State sentence data record to include jail credit, and
        • any other pertinent information relating to the federal and state sentences.

    (c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

    (d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

>     (e) No letter need be written if it is determinated
>         that a concurrent designation is not appropriate....

Bureau of Prisons, Program Statement 5160.05, ¶ 9(b). With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence." P.S. 5160.05, ¶ 7(g).

Here, Petitioner made his request for a nunc pro tunc designation of the Puerto Rican facility, as a place for serving his federal sentence, in a Request for Administrative Remedy, and as Respondent agrees, has properly exhausted his administrative remedies.

The BOP reviewed Petitioner's request for nunc pro tunc designation on August 2, 2010 under the factors enumerated in 18 U.S.C. § 3621(b). The BOP requested a statement from the federal sentencing court seeking its position on the retroactive designation, but the sentencing court did not respond.

On October 4, 2010, the BOP denied Petitioner's request based on the following § 3621(b) factors: the nature and circumstances of the federal offense, the history and characteristics of the offender, and the lack of statement by the sentencing court concerning its position on a retroactive designation. Therefore, the BOP determined that the sentences

should run consecutively.  See Response to Petition, Attachment 7, Factors under 18 U.S.C. § 3621(b) Worksheet.

The BOP properly contacted the sentencing court for its position, and properly reviewed Petitioner's history and case to determine whether a nunc pro tunc designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system.  Petitioner has not identified any material information that was overlooked or discounted.  Whether or not the Commonwealth of Puerto Rico court ordered the state and federal sentences to run concurrently is not a binding recommendation to the BOP.  Petitioner has not established any abuse of discretion in the BOP's consideration of his request.  Therefore, Petitioner is not entitled to relief in this matter.

## CONCLUSION

For the reasons set forth above, the petition will be denied.  An appropriate order follows.

 /s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: July 13, 2011

At Camden, New Jersey